FILED
2011 Jun-20  AM 10:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

M12905

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

**BILL EDDINS,** }
   **PLAINTIFF,** }
**vs.** }
    }
**AMSHER COLLECTION SERVICES,** }
   **DEFENDANT.** }

## COMPLAINT

*Parties*

1. Bill Eddins ("Mr. Eddins") is an adult resident of Jefferson County, Alabama.

2. AmSher Collection Services, Inc. ("AmSher") is a domestic corporation.

*Jurisdiction*

3. Jurisdiction is founded and based on federal question jurisdiction, 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

4. This action is brought, in part, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter the "FDCPA").

5. Supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

*Factual Allegations*

6. On or about April 2, 2011, Mr. Eddins received a dun notice from AmSher.

7. Subsequently, AmSher started telephoning Mr. Eddins on his cell phone.  Mr. Eddins informed the caller that the underlying debt was disputed and that he was currently being represented by the undersigned who should be called instead of Mr. Eddins.

8. Amsher continued calling Mr. Eddins.

9. A letter of representation was mailed to AmSher and the debt at issue was disputed.  The dispute was, in part, based on the a number of items that were damaged by the creditor and the over billing of the creditor.  Further, said letter demanded that all calls be directed to Mr. Eddin's legal counsel.

10. AmSher continued calling Mr. Eddins.

11. Mr. Eddins sent a letter to AmSher objecting to the debt.

12. AmSher continued calling Mr. Eddins.

13. AmSher has consistently called Mr. Eddins in spite of the fact that he has repeatedly communicated to it that he is represented by an attorney.

*General Legal Allegations*

14. The Plaintiff seeks to extend liability to AmSher by way of the conduct of its agents and /or employees by way of respondeat superior and /or joint enterprise and /or civil conspiracy.

## COUNT: FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

16. The Defendant is a debt collector as defined in 15 USC § 1692a(6).

17. The FDCPA prohibits a debt collector from communicating with a consumer[1] in

---

[1] For the purpose of this paragraph, the term "consumer" is any natural person obligated or allegedly obligated to pay a debt, 15 USC § 1692a(3), including the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator. 15 USC § 1692c(d).

connection with any debt – if the debt collector knows the consumer is represented by an attorney with respect to such debt, unless the attorney has consented to direct communication with the consumer. 15 USC § 1692c(a)(2).

18. In spite of the fact that Mr. Eddins informed AmSher both verbally and in writing he was represented by an attorney and said attorney has not consented to direct communication with Mr. Eddins, AmSher communicated with Mr. Eddins in connection with the debt.

19. The FDCPA prohibits a debt collector from causing a telephone to ring with the intent to annoy, abuse or harass any person at the called number. 15 USC § 1692d(5).

20. After a reasonable opportunity for further investigation or discovery, evidentiary support will likely show that AmSher caused Mr. Eddin's phone to ring with the intent to annoy and /or abuse and /or harass Mr. Eddins.

21. The FDCPA prohibits a debt collector from engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. 15 USC § 1692d(5).

22. After a reasonable opportunity for further investigation or discovery, evidentiary support will likely show that AmSher repeatedly and /or continuously engaged Mr. Eddins in telephone conversation with the intent to annoy and /or abuse and /or harass him.

23. The FDCPA prohibits a debt collector from false representation of the character, amount, or legal status of any debt. 15 USC § 1692e(2)(A).

24. AmSher failed to represent that the character of the debt in that it failed to show that it was disputed.

25. AmSher misrepresented the full amount of the debt was owing when Mr. Eddins had disputed that about half of the debt was owing and that he had counterclaims that exceeded the remaining half.

26. Mr. Eddins has been injured as a proximate result of Defendant Franklin Collections' conduct.

WHEREFORE, BASED ON THE FOREGOING, Plaintiff demands judgment against Defendant(s), separately and/or severally, for:

(a) actual damages pursuant to 15 U.S.C. § 1692k;

(b) statutory damages pursuant to 15 U.S.C. §1692k;

(c) reasonable attorney's fees and/or costs pursuant to 15 U.S.C. § 1692k;

(d) such other and further relief as may be just and/or proper.

## COUNT: NEGLIGENCE

27. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

28. The Defendant had a duty to exercise reasonable care in their actions.

29. In part, said duty arises out of the F.D.C.P.A.

30. In part, Defendant had a duty to hire, train, supervise and retain employees.

31. The Defendant negligently breached said duty.

32. The Plaintiff was damaged as a proximate result of said breach of duty.

WHEREFORE, BASED ON THE FOREGOING, Plaintiff demands judgment against each named Defendant and Fictitious Defendant, separately and severally, for compensatory and punitive damages in an amount to be determined by the jury, plus costs, along with such other, further and different relief to which Plaintiff may be entitled.

## COUNT: GROSS NEGLIGENCE

33. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

34. Upon information, research and belief, Defendant possessed an entire want of care.

35. Upon information, research and belief, Defendant's conduct was so gross as to charge Defendant with the presumption that they, being cognizant of the probable consequences, were indifferent to the danger to which Plaintiff was to be exposed.

36. Upon information, research and belief, Defendant exhibited a conscious indifference to consequences.[2]

37. Upon information, research and belief, Plaintiff was damaged as a proximate result of said grossly negligent conduct.

38. **Upon information, research and belief, Defendant had a duty to maintain reasonable policies and/or procedures and/or practices relating to the obtaining or purchasing or assigning of debts by Defendant from other creditor entit(ies).**

39. Upon information, research and belief, Defendant had a duty to maintain

---

[2] Alabama G.S.R. Co. v. Arnold, 2 So. 337, 342 (Ala. 1887).

employee/agent hiring, employee/agent training, employee/agent supervising and employee/agent retention practices with reasonable care.

40. Upon information, research and belief, Defendant negligently breached said duty in a grossly negligent manner.

41. Upon information, research and belief, Plaintiff was damaged as a proximate result of said breach of duty.

42. Upon information, research and belief, Defendant conspired with others and/or entered into a joint enterprise with others whose grossly negligent conduct proximately injured Plaintiff.

43. Plaintiff demands punitive damages. Alabama Code § 6-11-20 (1975).

WHEREFORE, BASED ON THE FOREGOING, Plaintiff demands judgment against each named Defendant, separately and severally, for compensatory and punitive damages in an amount to be determined by the jury, plus costs, along with such other, further and different relief to which Plaintiff may be entitled.

**COUNT: INTRUSION INTO PHYSICAL SOLITUDE OR SECLUSION**

44. Plaintiff re-alleges all prior paragraphs of the Complaint as if set out here in full.

45. Defendant intentionally intruded physically, or otherwise, upon the solitude and/or seclusion and/or emotional sanctum of the Plaintiff and/or their private affairs or concerns.

46. The intrusion would:

be highly offensive to a reasonable person; and/or,

outrage a person of ordinary sensibilities; and/or,

cause a person of ordinary sensibilities mental suffering, shame or humiliation.

WHEREFORE, BASED ON THE FOREGOING, Plaintiff demands judgment against each named Defendant, separately and/or severally, for compensatory and punitive damages in an amount to be determined by the jury, plus costs, along with such other, further and/or different relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ Brandon L. Blankenship

_____
Brandon L. Blankenship
(ASB - 6436 - N77B)
Blankenship Harrelson, LLP
15 South Lake Lane, STE 350
Birmingham, AL 35244
Direct Dial Phone: (205)912-8248
Main Office Phone: (205)912-8255
Facsimile: (205)912-8258
Email: brandon.blankenship@bhattorneysllp.com

Serve Defendant:

CSC LAWYERS INCORPORATING SVC INC
150 S PERRY ST
MONTGOMERY, AL 36109